COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DONG VAN NGUYEN,                                      )

                                                                              )              
No.  08-05-00027-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
292nd District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0443508-KV)

                                                                              )

 

 

O
P I N I O N

 

Dong Van Nguyen
appeals his conviction for aggravated assault with a deadly weapon.[1]   The trial court found Appellant guilty.  Appellant entered a plea of true to the
enhancement paragraph and the trial court assessed punishment at 5 years= imprisonment.  In a single issue, Appellant argues that the
evidence is factually insufficient to support his conviction for the
offense.  We affirm.








On January 15,
2004, Appellant had a fight with the complainant David Binder, a friend who had
been letting Appellant stay at his house in Richardson.  Appellant wanted Mr. Binder to give him a
ride or let him borrow his truck and Mr. Binder refused.  Appellant was upset and threatened to slash
the tires on the truck.  Appellant
started to walk out the door and Mr. Binder told Appellant that he would call
911 if he slashed the tires.  Mr. Binder
grabbed his telephone from Appellant=s
girlfriend, Melissa, who had been standing behind Mr. Binder during the
argument.  Melissa lunged over Mr. Binder=s shoulder in an attempt to retrieve
the telephone.  Appellant turned around
to see and was under the impression that Mr. Binder and his girlfriend were
having a problem.  Appellant grabbed Mr.
Binder by the throat, slammed him up against a brick wall outside, and yelled, ADid you hit her?@
while still holding Mr. Binder by the throat with one hand.  In his other hand, Appellant was holding a
razor-like knife or straight-edged razor about an inch away from Mr. Binder=s face. 
Mr. Binder felt Appellant was threatening him with the knife.  After getting Appellant to loosen his grip,
Mr. Binder was finally able to say, Ano.@ 
Appellant then left with his girlfriend.

Mr. Binder called
the police to report the incident.  Mr.
Binder suffered abrasions to his neck as a result of the assault.  Mr. Binder considered Appellant a friend and
thought the assault was pretty unusual. 
Detective James Wheatley responded to the dispatch on the assault and
observed abrasions on both sides of Mr. Binder=s
neck.  In Detective Wheatley=s opinion, a razor is a deadly weapon
that can cause death or serious bodily injury.








Appellant
testified on his own behalf.  He
explained that on January 15, he had asked Mr. Binder for a ride to the
store to buy cigarettes because it was raining. 
As he was leaving the house, Appellant heard Mr. Binder and Melissa in a
scuffle behind him, so he turned around and grabbed Mr. Binder by the shirt and
pushed him against a wall.  He asked Mr.
Binder if he had hit his girlfriend, and when Mr. Binder said Ano,@
Appellant let him go and apologized. 
Appellant denied grabbing Mr. Binder by the throat or threatening him
with a razor.

FACTUAL
SUFFICIENCY

Standard
of Review

Appellant does not
challenge the legal sufficiency of the evidence.  A factual sufficiency review of the evidence
begins with the presumption that the evidence supporting the conviction was
legally sufficient.  See Clewis v.
State, 922 S.W.2d 126, 129, 134 (Tex.Crim.App. 1996); Moore v. State,
140 S.W.3d 720, 726 (Tex.App.--Austin 2004, pet. ref=d).  In reviewing the factual sufficiency of the
evidence, we must determine whether considering all the evidence in a neutral
light, the trier of fact was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex.Crim.App. 2004). 
Evidence can be factually insufficient if the evidence supporting the
verdict, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt, or contrary evidence is so strong that guilt cannot
be proven beyond a reasonable doubt.  Id.
at 484-85.  Our evaluation should not
intrude upon the fact finder=s
role as the sole judge of the weight and credibility given to any witness=s testimony.  See Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997).  We will set aside
the judgment if the evidence supporting the verdict is so weak as to be clearly
wrong and manifestly unjust.  Zuniga,
144 S.W.3d at 481.  A clearly wrong and
manifestly unjust verdict occurs where the trier of fact=s
finding Ashocks
the conscience@ or Aclearly demonstrates bias.@ 
Id.  An opinion addressing
factual sufficiency must include a discussion of the most important and
relevant evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex.Crim.App. 2003).








In this case, Mr.
Binder testified that during an argument between him and Appellant, Appellant
grabbed Mr. Binder by the throat, slammed him up against a brick wall, and held
a razor-like knife or straight-edged razor near Mr. Binder=s face, while yelling at Mr.
Binder.  Mr. Binder felt threatened
during the incident and suffered abrasions on both sides of his neck.  Detective Wheatley testified that a razor is
a deadly weapon that can cause death or serious bodily injury.

Appellant contends
that the evidence is factually insufficient to support his conviction for the
charged offense because Mr. Binder was biased against him, which clouded his
credibility as a witness.  Specifically,
Appellant points to Mr. Binder=s
testimony, in which he admitted that there was supposed to be a landlord-tenant
relationship between him and Appellant, but Appellant never paid any rent to
live in his house, and also admitted that he wanted Appellant=s girlfriend out of his house and told
her never to come back.  Appellant also
argues that Mr. Binder=s
credibility is also suspicious because he did not call 911 immediately after
the incident, and after reporting the incident, he let Appellant live in his
house for two more days.  However,
despite the asserted credibility problems with Mr. Binder=s testimony, it was within the judge=s province to assess the credibility of
Mr. Binder in this bench trial and our review should not intrude upon the judge=s role in evaluating the weight and
credibility given to any witness=s
testimony.  See Cain, 958 S.W.2d
at 408-09.  Evidently, the trial judge,
as the trier of fact, accepted Mr. Binder=s
version of events and discredited Appellant=s
testimony.  








After considering
all the evidence in a neutral light, we conclude that the evidence was not too
weak to support the guilty finding beyond a reasonable doubt nor was the
contrary evidence so strong that guilt could not be proven beyond a reasonable
doubt.  See Zuniga, 144 S.W.3d at
484-85.  Because the evidence was
factually sufficient to sustain his conviction, we overrule Appellant=s sole issue on appeal.

We affirm the
trial court=s
judgment.

 

 

 

March
30, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant was also indicted on another charge of aggravated assault with a
deadly weapon in cause number F-0401629-RV and both cases were tried together
in a bench trial.  Appellant has also
appealed the judgment rendered in cause number F-0401629-RV, which was affirmed
by an opinion issued this same day.  See
Nguyen v. State, No. 08-05-00026-CR (Tex.App.--El Paso March 30, 2006, no
pet. h.)(not designated for publication).